# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **CARLTON FREEMAN,** | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| **GOVERNMENT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS PORT AUTHORITY, NOEL TIRADO,** Individually and as Virgin Islands Port Authority Officer, | ) | Civil Action No. 2011-080 |
| Defendants. | ) | |

**Attorneys:**
**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiff*

**Jennifer Quildon Miller, Esq.,**
Miami, FL
  *For the Defendants Virgin Islands Port Authority and Noel Tirado*

**Erika M. Scott, Esq.,**
St. Croix, U.S.V.I.
  *For the Defendant Government of the Virgin Islands*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants Virgin Islands Port Authority and Noel Tirado's "Motion to Dismiss" (Dkt. No. 16). For the following reasons, the Court will grant the Motion and dismiss Plaintiff's Complaint (Dkt. No. 1), without prejudice.

## I.  BACKGROUND

Plaintiff Carlton Freeman's Complaint, filed against Defendants Virgin Islands Port Authority ("VIPA"), Noel Tirado ("Tirado"), and the Government of the Virgin Islands, states that he attended a New Year's Eve party at the Ann Abramson Pier in St. Croix in the early hours of 2011.  (Dkt. No. 1 at 2).  Plaintiff alleges that while at the party, Defendant Tirado, a VIPA employee in uniform, began to push Plaintiff down a stairway, causing him to slip and injure his back.  (Dkt. No. 1 at 2).

Count I of the Complaint states that Defendant Tirado's "conduct constitutes violations of Plaintiff's civil rights under Title 42 U.S.C. § 1983," as well as the Virgin Islands Civil Rights Act codified at 10 V.I.C. § 101.  (Dkt. No. 1 at 3).  The remaining counts allege negligence, recklessness, and intentional and negligent infliction of emotional distress. (Dkt. No. 1 at 3-5).  Plaintiff also seeks punitive damages based on the alleged outrageousness of Defendants' conduct. (Dkt. No. 1 at 5-6).

Defendants VIPA and Tirado filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's Complaint insufficiently pleaded each of his claims and thus no plausible basis for relief exists.  (Dkt. No. 16).[1]  Because the § 1983 claim in Count I is the sole basis alleged for this Court's jurisdiction, and the Court's jurisdiction over the local counts in the Complaint is dependent on the viability of the federal claim, the Court will

---

[1] Defendant Government of the Virgin Islands also filed a Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 14).  Because the Complaint will be dismissed without prejudice in response to VIPA and Tirado's joint Motion to Dismiss—and thus rendered inoperative—the Government's Motion will be denied as moot.  *See Santiago v. Warminster Twp.,* 629 F.3d 121, 126 (3d Cir. 2010) (only claims set forth in amended filing properly before the court); *Josse v. United States*, 2013 WL 152170, at *2 n.1 (D.V.I. Jan. 11, 2013) (denying as moot a motion to dismiss when later filing was operative complaint).

2

first examine the sufficiency of the federal claim in determining whether to grant Defendants' Motion.[2]

## II. DISCUSSION

### A. Applicable Legal Principles

In considering whether to grant a Rule 12(b)(6) motion to dismiss, the Court conducts its analysis under the Supreme Court decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010).

A complaint must demonstrate through its alleged facts that the plaintiff is entitled to relief; blanket assertions will not suffice. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). While a complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's [Rule 8] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 231 (quoting *Twombly*, 550 U.S. at 553). "This standard 'demands more than an unadorned, the-defendant-unlawfully-

---

[2] While the Court may exercise supplemental jurisdiction over Plaintiff's local claims under 28 U.S.C. § 1367, survival of the federal claim is required for the court to maintain jurisdiction over the case. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). Because the Court finds Count I insufficiently pleaded, dismissal without prejudice is appropriate and the Court need not address Defendants' arguments for dismissal of the remaining claims at this juncture.

harmed-me accusation,'" *Lawal v. McDonald*, 2014 WL 718428, at *2 (3d Cir. Feb. 26, 2014) (quoting *Iqbal*, 556 U.S. at 678). To satisfy the pleading requirements of *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556, 570).

The Court looks to the Complaint and "may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to the claim, [and] items subject to judicial notice" in deciding a motion to dismiss. *Acosta*, 53 V.I. at 768 n.1 (internal quotation marks omitted) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). The Court does not, however, look to an Opposition to a Motion to Dismiss to cure a deficiency in the pleading. *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citations omitted). Grounds for a claim raised for the first time in an Opposition, therefore, will not enable a litigant to survive an otherwise meritorious motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (citing *Unger v. National Residents Matching Program,* 928 F.2d 1392, 1400 (3d Cir. 1991)).

### B. Analysis

Section 1983 does not confer substantive rights, but rather serves as a vehicle for vindication of rights conferred by the Constitution or elsewhere in federal law. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Supreme Court notes that "[t]he first inquiry in any § 1983 suit is 'to isolate the precise constitutional violation with which [the defendant] is charged.'" *Id.* (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). In order to obtain relief

under § 1983 for violation of a constitutional right, the right at issue must be clearly identified. *See Baker*, 443 U.S. at 139-40.

Here, Plaintiff's Complaint fails to identify the constitutional right violated by Defendant Tirado's alleged conduct. The Complaint alleges that Defendant Tirado committed an assault and battery against Plaintiff, and that "[t]he conduct of Defendant Tirado, individually, constitutes violations of Plaintiff's civil rights under § 1983." (Dkt. No. 1 at 3). No constitutional violation is identified. An assault and battery claim does not impliedly become a constitutional violation because the defendant was in uniform. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1149-50 (3d Cir. 1995) (private torts committed by a state employee are not necessarily sufficient for § 1983 liability). While taking the factual predicate Plaintiff asserts as true, the bare conclusion that said facts give rise to a civil rights violation is insufficient to constitute a well-pleaded complaint. *See Phillips*, 515 F.3d at 232. Plaintiff must clearly identify an alleged constitutional violation if his Complaint is to survive a Motion to Dismiss.

In his Opposition to Defendants' Motion, Plaintiff names three constitutional rights he indicates are at issue in the case: his rights under the First, Fourth, and Fourteenth Amendments. (Dkt. No. 20 at 8). The Court does not, however, "consider after-the-fact allegations in determining the sufficiency of [a] complaint." *Frederico*, 507 F.3d at 201; *Commw. of Pa. ex. rel Zimmerman,* 836 F.2d at 181. Accordingly, separate and apart from whether the allegations in the Opposition would be sufficient if pleaded in the Complaint, the Court will not accept allegations in the Opposition as a means of curing the deficiencies in the Complaint.

Because the Complaint does not identify the basis for Defendant Tirado's alleged § 1983 violation, the Court finds that Count I does not state a plausible claim for relief in accordance

with the dictates of *Iqbal* and *Twombly*. Accordingly, the Court will dismiss the Complaint without prejudice.[3]

### III. CONCLUSION

For the aforementioned reasons, Defendants VIPA and Tirado's Motion to Dismiss will be granted. Plaintiff's Complaint will be dismissed without prejudice, and he will be granted an opportunity to amend accordingly. An appropriate Order accompanies this Opinion.

Date: September 16, 2014        _____/s/_____
                                WILMA A. LEWIS
                                Chief Judge

---

[3] Because the § 1983 claim provides the only basis upon which this Court's jurisdiction rests, the Court will not address the sufficiency of the local counts unless satisfied of the viability of the federal claim.